UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01383-FWS-DMK Date: July 14, 2026
Title: Sean Le v. Nguyen Van Hien

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE**

On May 29, 2026, Plaintiff filed this case and paid the $405 filing fee by credit card. (*See* Dkt. 1.) However, because the court's records indicated that Plaintiff disputed the charge with his credit card provider and the Clerk's Office received a chargeback for the reason of "Cancelled Merchandise/Services," on June 26, 2026, the court issued an order to show cause why this case should not be dismissed for lack of prosecution and failure to pay the filing fee. (Dkt. 9 ("OSC").) Setting a deadline of July 13, 2026, the court admonished, in bold, that **"[f]ailure to file a response to this Order to Show Cause and/or pay the full owed amount on or before the deadline set by the court will result in dismissal of this case for lack of prosecution and/or failure to comply with a court order."** (*Id.* at 1.)

The deadline to respond to the OSC has passed, and Plaintiff has filed neither a response to the OSC nor paid the filing fee. (*See generally* Dkt.) Accordingly, this case is **DISMISSED** for lack of prosecution, failure to comply with a court order, and failure to pay the filing fee. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous.*

*Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating that "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").